The inconvenience before this act was, that if a man had contracted a debt and procured another to become jointly bound with him as his surety, and then died, the debt survived against the surety only. So where there were several joint contractors, each of whom were equally benefited by the contract, if one died, the whole debt fell upon the other; and the act expresses that for the relief of the survivor it was made. This is proposes to do by making *Page 83 
them all equally contributable in the first instance. This produces equality and justice immediately, and prevents circuity and multiplicity of actions — for as the rule was at the common law, the survivor paid all in the first instance, and then was put to another suit to get contribution from the estates of the deceased; but now all this is effected by suing them both together. Besides, when the debt is first contracted it is joint, and now it does not become several upon one by the death of the other, but as a joint debt lies upon the representatives. Immediately upon the death of the deceased they instantly step into his place, sustaining the same burden that he did. Then how does the debt become several? Not by any part of this law; and surely the plaintiff cannot by suing severally upon a joint cause of action make it to become several by that means. Moreover, it was the relief of the survivor, not the benefit of the obligee, that this act sought for — but it is not (111) an equitable relief to put it in the power of the plaintiff to exonerate him entirely, and throw the whole burden upon the estate of deceased, orvice versa. No just reason can be assigned why it should lie upon the estate of the deceased wholly any more than upon the survivor, or the reverse. As to the difficulty suggested, that no judgment can be entered up in any regular form, the court is always bound to give their judgment according to law; and if there is no precedent to be found conformable to the new law, the court must form one that will be so. The action is well enough brought.
Cited: Davis v. Wilkinson, post, 336; Smith v. Fagan, 13 N.C. 302.